IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ADOLPH SANDY VANJAH        *
       Petitioner,
v.                                *     CIVIL ACTION NO. AW-05-1488

IRA SHOCKLEY                *
       Respondent.
                                   ******

**MEMORANDUM**

Petitioner Adolph Vanjah filed this 28 U.S.C. § 2241 petition for habeas corpus relief on June 1, 2005, challenging his continued post-removal-order detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Paper No. 1. In addition, petitioner seemingly attacks his final order of removal, alleging that: (i) he was denied asylum by an Immigration Judge, even though an asylum officer recommended asylum; and (ii) his underlying criminal act constitutes a misdemeanor offense from which he is not deportable. *Id*. On June 9, 2005, this court ordered respondent to respond to the petition and directed that petitioner's order of removal be stayed during the pendency of the district court case.

On July 12, 2005, a response was filed. Paper No. 4. Petitioner filed a reply thereto on July 27, 2005. Paper No. 5. For reasons to follow, the court shall bifurcate the matter by: (i) taking jurisdiction over petitioner's § 2241 claim regarding his continued detention and dismissing the same without prejudice; and (ii) transferring that portion of the petition which attacks petitioner's order of removal to the United States Court of Appeals for the Fourth Circuit based on the Real ID Act of 2005 ("RIDA" or "the Act").

**I. Factual Background**

Petitioner is a native and citizen of Sierra Leone who was admitted to the United States on March 17, 1997, as a non-immigrant visitor authorized to remain for a temporary period not to exceed June 30, 1999. Petitioner apparently overstayed his visa. On February 20, 2002, he was convicted in the Circuit Court for Prince George's County of fourth degree sex offense in violation of Md. Code Ann., Art. 27., § 464C. Paper No. 4, Ex. A. On May 17, 2004, Immigration and Customs Enforcement ("ICE") served petitioner with a Notice of Intent to issue a Final Administrative Removal Order charging petitioner as being removable from the United States as an alien who has not been admitted to the United States as a lawful permanent resident and who has been convicted of an aggravated felony under the Immigration and Nationality Act ("INA"), § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as defined in INA, § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A) (sexual abuse of a minor). *Id*., Ex. B. On August 23, 2004, petitioner was served with a Final Administrative Removal Order. *Id*., Ex. C.

Petitioner's application for withholding of removal was referred to an Immigration Judge for a "withholding only" hearing under 8 C.F.R. §§ 1208.2(c)(2)(ii) & 1208.31(e). On December 16, 2004, after an evidentiary hearing on the merits, Immigration Judge John F. Gossart Jr. denied petitioner's application for withholding of removal. *Id*., Ex. D. No appeal was filed with the Board of Immigration Appeals ("BIA"). This habeas corpus petition was filed approximately six months after the Immigration Judge's decision.

## II. Analysis

**Challenge to Post-Removal-Order Detention**

To the extent petitioner seeks judicial review over his continued detention, the court shall dismiss the petition without prejudice. Petitioner challenges the lawfulness of his continued detention under Immigration and Naturalization Act § 241(a), 8 U.S.C. § 1231(a). The court finds, however, that petitioner's post-removal-order custody does not, at present, violate the dictates of statute or *Zadvydas*.

In *Zadvydas*, the Supreme Court held that INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), read in light of the due process protections to be afforded to aliens who have been admitted into the United States, generally permits the detention of such an alien under a final order of removal only for a period reasonably necessary to bring about that alien's removal from the United States.[1]  *Zadvydas*, 533 U.S. at 701. Associate Justice Stephen G. Breyer, writing for the majority, concluded that the detention of such an alien beyond the statutory removal period, for up to six months after the removal order becomes final, is "presumptively reasonable." *Id.* After six months, if an alien can provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must rebut the alien's showing in order to continue the alien in detention. *Id*.

Petitioner's order of removal did not become final, at the earliest, until January 16, 2005, upon the expiration of the 30-day time for filing an appeal to the BIA. *See* 8 C.F.R. § 1003; *Jamarillo v. INS*, 1 F.3d 1149, 1151 (11th Cir. 1993) (deportation order issued by an Immigration Judge becomes final upon decision of the appeal by the BIA, upon waiver of appeal, or upon expiration of the time allotted for an appeal when no appeal is taken). On June 9, 2005, however, this court issued a stay of petitioner's

---

[1] The scope of *Zadvydas* has been broadened to afford the same due process protections to inadmissible aliens.  *See Clark v. Suarez-Martinez*, 125 S.Ct. 716, 722-23 (2005).

3

removal before the expiration of the 6-month period discussed in *Zadvydas*. Under INA, § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii), if a removal order is judicially reviewed and a court orders a stay of removal of the alien, the date of the court's final order commences the removal period. Respondent correctly observes that once this petition is decided and the stay of removal is lifted, the removal period will recommence. Consequently, the court finds that petitioner's continued detention does not violate statute or due process. This portion of the petition shall be dismissed without prejudice.

## Statutory Challenge to Order of Removal

The pro se petitioner appears to assert that he should not be removed from the United States because: (i) his asylum officer granted him asylum; and (ii) his fourth degree sex conviction does not comprise an "aggravated felony" under immigration laws as it is a misdemeanor offense and he was sentenced to less than one year.

On May 11, 2005, President Bush signed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). Included within this far-reaching legislation is RIDA. Section 106(a)(1)(B) of RIDA substantially modifies the route aliens must take to seek judicial review of an order of removal.

Section 106(a)(1)(B)(5) states that:

> [N]otwithstanding....section 2241 of title 28, United States Code, or any other habeas corpus provision,....a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issues under any provision of this Act....For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and "jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651....

RIDA makes the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal and undoubtedly divests this court of jurisdiction to review this Petition. The Act instructs the district courts to transfer any habeas petitions pending in the district court on the date of the enactment of the Act to the appropriate circuit court to be treated as a petition for review, without regard to whether the habeas petition had been filed within thirty days of the final order of removal, as required for petitions for review under 8 U.S.C. § 1252(b)(1). *See* RIDA § 106(c). This petition was filed some twenty-one days after enactment of the Act. The Act is, however, silent as to what was to be done with habeas petitions filed after the enactment date. Are such petitions to be dismissed or may they be transferred to the courts of appeals?

Given the circumstances in this case the undersigned shall not dismiss this portion of the cause of action, but shall treat this aspect of the petition as one for review improperly filed in this court, transfer it to the United States Court of Appeals for the Fourth Circuit, and administratively close the matter.[2]

---

[2] At present, the Fourth Circuit has not indicated whether the transfer of such habeas corpus petitions is acceptable. The government has argued that transfer of post-RIDA habeas corpus cases under 28 U.S.C. § 1631 is inappropriate where the action could not have originally been brought in the transferee court. *See* 28 U.S.C. § 1631 (court lacking jurisdiction shall, if it is in the interests of justice, transfer action to any other such court in which the action could have been brought at the time it was filed or noticed). Under such an argument, however, Petitioner would effectively be foreclosed from obtaining review of his statutory claims as any re-filed petition in the Fourth Circuit could automatically be deemed untimely under 8 U.S.C. § 1252(b)(1) (petition for review is to be filed 30 days after the date of the final order of removal). Moreover, the undersigned observes that the RIDA conference report noted that the intent of RIDA is to "give every alien one day in the court of appeals...." *See* H.R.Rep. No. 109-72, at 175 (2005). The argument for dismissal of this case would arguably preclude an alien from judicial review of statutory and constitutional claims in the appellate courts.

RIDA arguably has implications under the Due Process and Suspension Clauses. *See INS v. St. Cyr*, 533 U.S. 289, 299-301 (2001). Prior to the enactment of RIDA, an alien contesting removal could file one of two federal petitions: (i) a petition for review in a court of appeals or (ii) a petition for a writ of habeas corpus in district court. Under the plain terms of § 106(a)(1)(B), however, aliens are foreclosed from filing a habeas petition. In addition, while habeas corpus law provides for evidentiary review, § 106(a)(1)(B) requires aliens to file a petition for review, which restricts the court to "decide the petition only on the administrative record on which the order of removal is based." *See* 8 U.S.C. § 1252(b)(4)(A). Given the underlying constitutional implications of RIDA, *see Wahab v. U.S. Attorney General*, 373 F.Supp.2d 524,

### III.  Conclusion

For reasons set out herein, the allegations raised in the petition shall be bifurcated.  Petitioner's claims related to his continued post-removal-order detention shall be dismissed without prejudice.  Petitioner's statutory claims related to the validity of his underlying charge of removability shall be transferred to the Fourth Circuit.  A separate Order follows.


Date: <u>August 31, 2005</u>　　　　　_____"s"_____
　　　　　　　　　　　　　　　　　Alexander Williams Jr.
　　　　　　　　　　　　　　　　　United States District Judge

---

525-26 (E.D. Pa. 2005), appellate scrutiny of the relevant issues is warranted.  Therefore, the undersigned deems it appropriate to transfer this case to the Fourth Circuit.